IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-230-BO

MARIA J. LEE, Individually and as )
Executor of the Estate of James Lee, )
deceased, )
 )
                  Plaintiff, )
 )     O R D E R
v. )
 )
ADVANCE AUTO PARTS, INC., *et al.*, )
 )
                Defendants. )

This cause comes before the Court on a motion for summary judgment by defendant Union Carbide Corporation.[1] Also pending is a motion to file an amended/corrected complaint by plaintiffs. The appropriate responses and replies have been filed and the matters are ripe for ruling. For the following reasons, plaintiffs' motion to amend is granted and Union Carbide's motion for summary judgment is denied.

## BACKGROUND

James Lee, personally and thereafter by Maria J. Lee, executor of his estate, and Maria J. Lee, filed this action against eighteen defendants alleging claims for, *inter alia*, negligence, breach of implied warranty, willful and wanton conduct, false representation/fraud, and failure to warn arising out of defendants' acts in relation to asbestos and asbestos-containing materials, products, and equipment which plaintiff James Lee interacted with, used, or was exposed to.

---

[1] Also pending before the Court is a motion for summary judgment by defendant Honeywell International. As plaintiffs and Honeywell have settled all matters in controversy between them [DE 146], Honeywell's motion for summary judgment [DE 99] is DENIED without prejudice.

James Lee was diagnosed with an asbestos-related disease, specifically mesothelioma, in November 2014 and died on February 6, 2016. [DE 126-1].

Seventeen of the eighteen original defendants have either settled with plaintiffs or have been dismissed by plaintiffs. Remaining for adjudication are plaintiffs' claims against Union Carbide Corporation.

## DISCUSSION

I. MOTION TO AMEND/CORRECT

Plaintiffs seek to amend their complaint to conform the language to reflect the death of James Lee and to add an additional cause of action for wrongful death. Plaintiffs further seek to remove those defendants and causes of actions which have been dismissed. Defendant Union Carbide (UC) opposes the motion for leave in part as to the amendment of factual judicial admissions.[2]

Federal Rule of Civil Procedure 15 requires that leave to amend should be "freely given" by the Court when "justice so requires." Fed. R. Civ. P. 15(a). A court should deny leave "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). UC's opposition to the motion contends that it would be prejudiced by plaintiffs being allowed to remove factual allegations of asbestos exposure to products named in the original complaint that the decedent did not actually work with or around, as was discovered at the decedent's *de benne esse* deposition in March 2015, and at which defendants were present.

---

[2] UC has more specifically joined in defendant Honeywell International's response in opposition to the motion for leave to amend.

2

The Court finds no prejudice to UC in plaintiffs' request, and therefore GRANTS plaintiffs' motion.

II. MOTION FOR SUMMARY JUDGMENT

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

James Lee was a painter in North Carolina from the late 1960s into the 2000s, and during that time plaintiffs allege that Mr. Lee applied and sanded joint compound to finish drywall, as well as sanded and swept joint compound. Sanding joint compound created a dust, which would cake in Mr. Lee's hair, on his face, and on his clothes. [DE 102-1 at 50-54]. Mr. Lee stated that he worked primarily with U.S. Gypsum joint compound and Georgia-Pacific ready-mix joint compound. *Id.* at 65. Mr. Lee worked with joint compound throughout his painting career, and sanded it on every job he did while working for employers between 1970 and 1974 or 75. [DE

3

117 at 30-31]. Mr. Lee worked on approximately 150 to 200 jobs involving joint compound during that timeframe. [DE 117-1 at 61-62].

UC moves for summary judgment in its favor on all claims brought against it by plaintiffs. Specifically, UC contends that plaintiffs have failed to present evidence establishing the element of proximate causation in their claims against UC. Plaintiffs' claims against UC are based on their allegations that James Lee was exposed to UC raw asbestos fiber allegedly contained in joint compound that was manufactured and supplied by UC to U.S. Gypsum and Georgia-Pacific.

"To support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162-63 (4th Cir. 1986); *see also Jones v. Owens-Corning Fiberglas Corp. & Amchem Prod.*, 69 F.3d 712, 716 (4th Cir. 1995) ("This Court has previously held that the plaintiff in a personal injury asbestos case must prove more than a casual or minimum contact with the product containing asbestos in order to hold the manufacturer of that product liable") (internal quotation and citation omitted).

Viewing the facts in the light most favorable to them, plaintiffs have proffered sufficient evidence to create a genuine issue of material act as to whether Mr. Lee was exposed to UC's asbestos on a regular basis over an extended period of time. *See, e.g., Haislip v. Owens-Corning Fiberglas Corp.*, 86 F.3d 1150 (4th Cir. 1996) (unpublished) (exposure to heavy concentrations of asbestos dust over a nine-month period sufficient to demonstrate causation). Deposition testimony indicates that Georgia-Pacific sourced asbestos from UC from 1969 to 1977, that its plant in Marietta, Georgia supplied joint system products in the southeastern United States

4

during that time, and that a person using Georgia-Pacific ready-mix made in Marietta from 1972 to 1977 would more likely than not have been using UC's Calidria asbestos. [DE 117-9 at 168; 174-5; 211]. While there is some conflicting evidence in the deposition testimony as to when Georgia-Pacific joint compound sourced UC Calidria for its Marietta, Georgia and Milford, Virginia plants, resolution of such issue would be better made by a jury. Plaintiffs have further proffered sufficient evidence to resist summary judgment on their claim that UC's failure to warn Georgia- Pacific and U.S. Gypsum of the dangers of its Calidria product was a proximate cause of Mr. Lee's mesothelioma. *See, e.g.* [DE 117-45; 117-46].

Accordingly, the Court holds that issues of material fact preclude entry of summary judgment in favor of UC.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend [DE 128] is GRANTED, defendant Honeywell's motion for summary judgment [DE 99] is DENIED without prejudice and defendant Union Carbide's motion for summary judgment [DE 101] is DENIED. Plaintiffs are DIRECTED to file the amended complaint within five (5) days of the date of entry of this order. The clerk is DIRECTED to refer this matter for pretrial conference.

SO ORDERED, this 26 day of September, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE